UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------

STEPHANIE ANN RICHARDSON,
FARIS ABDUL-MATIYN,
    PLAINTIFF'S
  V.
_____CV_____

CITY OF NEW YORK; CHU CHONG; EDWIN GOULD
SOCIETY FOR CHILDREN; MICHEAL NEFF;
    DEFENDANTS.

RECEIVED
SDNY PRO SE OFFICE
2015 SEP 21  PM 2: 45

COMPLAINT

# 15CV 7471

JURY TRIAL DEMANDED

- Plaintiff, Stephanie Ann Richardson, (hereinafter Plt. #1), and Faris Abdul-Matiyn, (hereinafter Plt. #2), in the above-captioned action, affirms. under penalty of perjury that the statements made herein below are true and accurate to the best of their knowledge and belief alleges as follows:

## JURISDICTION

- This is a civil action seeking relief and/or damages to defend and protect the rights guaranteed by the Constitution of the United States.

- This action is brought pursuant to 42 U.S.C. §§§ 1981, 1982, 1983, 1984, 1985, 1986, 1987, & 1988, U.S. Constitutional Amendments 1, 4, 5, 6, 7, 8, 11, 13, & 14. The Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1343(3) and (4); and 2201.

## PARTIES

| | |
|---|---|
| Plaintiff #1: | Stephanie Ann Richardson<br>75-13 101 AVE<br>OZONE PARK, NY 11416 |
| Plaintiff #2: | FARIS ABDUL-MTIYN<br>7513 101 AVE<br>Ozone Park, NY 11416 |
| Defendant #1: | City Of New York<br>City Hall<br>New York, NY 10007 |

1

|  |  |
|---|---|
| Defendant #2: | Chu Chong<br>Case Worker Edwin Gould<br>Society for Children<br>c/o 151 Lawrence St., 5th Fl.<br>Brooklyn, NY 11201<br>Ph. 212-437-3500<br>Fax. 212-437-3598/99 |
| Defendant #3: | Edwin Gould<br>Society for Children<br>151 Lawrence St., 5th Fl.<br>Brooklyn, NY 11201<br>Ph. 212-437-3500<br>Fax. 212-437-3598/99 |
| Defendant #4: | Micheal Neff<br>Attorney At Law<br>For Edwin Gould<br>Society for Children<br>5 W 86th St.<br>New York, NY, 10024 -3603<br>Phones: (212) 799-3394 |

## STATEMENT OF FACTS

- During Jan. 1, 1982, through Jan. 1990, and subsequent thereto, defendants did knowingly, willingly, and under color of law, commit and at all times was a part to the incidents stated herein below.

- Upon arriving under the care and control of defendant's, plaintiff was placed in various foster homes, in Queens NY; where she met and was treated fairly by Jean and Tommie Walker. Plaintiff was taken to these foster homes by defendant Chu Chong, (hereinafter Ms. Chong) of Defendant Edwin Gould Society for Children; (hereinafter EGSC); as plaintiff was moved from place to place plaintiff informed Ms. Chong of how plaintiff was treated, during her stay at each place.

- At this time Plt. #1 does not recall having any mental issues or problems prior to being taken to Georgia. Ms. Chong further was the one who took plaintiff to the airport to be transported to Georgia, to be adopted by Donald and Mattie

Richardson.

- Prior to being taken to Georgia to be with her adopted parents, plaintiff was constantly told by Ms. Chong and the various foster parents she had in NY that Plt. #1's birth parents were drunks and did not want the Plt. #1, and that was why the Plt. #1 was being put up for adoption. Despite the fact that Plt. #1's father (Plt. #2) had been and was fighting in the courts of New York to regain custody of Plt. #1.

- Plt.#1 wanted to be with her biological parents but was constantly told that her biological parents were drunks and did not want Plt #1. Plt. #1 was not told that her biological father (Plt. #2) had been fighting for Plt. #1's custody; the entire time Plt. #1 was in the custody of defendant's; nor did defendants inform plaintiff that her biological father sent plaintiff letter's, money and religious items because Plt. #1 was a Muslim when with her father and he sent these iteMs. to assist her in learning her religion; Plt.'s #'1&2, believes defendants kept these items. from Plt. #1 to prevent Plt. #1 from studying, learning and knowing which religion Plt. #1 had been taught by her biological father (Plt. #2); denying Plt. #1 the right to continue studying and practicing Plt. #1's religion; as well as denying Plt. #2 the right to teach, Plt. #1 her religion, as well as assist Plt#1 to understand and practice his/her religion.

- Plaintiff's father continued to fight in the courts for custody of plaintiff from 1979 until 2001; whereas plaintiff was adopted in 1980, even though plaintiff's father was fighting for custody and requesting that he be allowed visiting rights while fighting for custody, never being told that plaintiff was adopted during the time he had been fighting for custody; between 1979 through 1987. Plaintiff further learned that defendant Ms. Chong testified in court, that she showed the plaintiff a picture of her father and plaintiff ran away screaming out of fear of the plaintiff; whereas plaintiff states this is not true; plaintiff was never shown any pictures of her father nor was plaintiff told that her father wanted her and was fighting for custody.

- Plaintiff underwent emotional distress due to being told her, biological, parents did not want her, and had abandoned her; her emotional distress was enhanced by the torture she suffered at the hands of her adopted parents; despite plaintiff's constant complaints about the torturous acts of plaintiff's adopted parents, defendants refused to remove plaintiff, from her adopted parents' home. Plaintiff had to be removed by her adopted parent's relatives (Ms.. Ruby Watkins), due to the torture they witnessed she was undergoing at the hands of her adopted parents and their children.

- During the time Plt. #1 was with Mattie and Donald Richardson, Plt. #1 was repeatedly raped, beaten, made to kneel upon pebbles, while being made to eat bowls of raw garlic, for hours. Whenever someone did something wrong Plt. #1 was unmercifully punished, even though it was known that Plt. #1 didn't commit the act.

- Since the moment Plt. #1 arrived in her adopted home she wanted to leave due to the abuse she began receiving after arriving. Plt. #1 cried many nights desiring to return to New York, and her biological family; but was constantly told that she was not wanted and at times told that her biological parents were dead. Plt. #1 was beaten so bad at times that once her bones were broken at the hands of the Richardson's and no matter how much she complained her complaints fell upon deaf ears. Defendant Chong refused to listen to any of Plt. #1's complaints and refused to take Plt. #1 back to New York.

- Out of fear of punishment Plt. #1 studied Christianity and became a Christian to please her adopted parents and avoid punishment. Plt. #1 hated going to church and whenever she went to church she was beaten by other children, and when she informed the Richardson's about it they either told her to ignore the beatings or they would beat Plt. #1 for getting beaten. The Walker's would tell Plt. #1 that in order for her to get things (i.e. dolls, gifts, etc), she had to go to church and pray for it. The whooping and hollering in the churches made Plt. #1 fearful; and it was not until 2007 that Plt. #1 was re-introduced to the religion of Islam, where

4

she liked what she heard and desired to learn more about the religion, because for some reason she felt she knew of the religion and felt comfortable about the religion. Not once during her stay with any of the defendant's did she receive any education or knowledge of Islam; nor was she given any of the items (religious or otherwise), that her biological father (Plt. #2), sent to defendants for her.

- The Richardson's would call family or friends to administer medical treatment to Plt. #1 whenever serious medical situations came up, like the Richardson's breaking Plt. #1's arm, or busting her head open, instead of taking Plt. #1 to the hospital.

- While with the Walker's Plt. #1 was beaten continuously whenever Jean Walker got drunk she would beat Plt. #1 in a drunken fit. Plt. #1 would often see planes flying in the sky and wave at them and say please take me with you; in an effort to try to get away from the Walker's. During this time Defendant Chong gave Plt. #1 a letter stating that her biological parents were drunks; and told Plt. #1 that she was not wanted by her biological parents.

- Plt. #1 suffered from nightmare's due to the beatings she received from the Walker's and Richardson's, and Defendant Chung refused to listen to Plt #1, as did all subsequent agents taking Ms Chung's place; to place Plt. #1 in a foster or otherwise home. Now Plt. #1 has serious psychological issues, she acquired due to the inactions and actions of Ms Chung and defendants.

- Everything defendant's told Plt. #1 about her biological parents was negative and lead Plt. #1 to believe her biological parents didn't want her or were trying to get her back; or to try to assist her in building family ties; whereas Plt #1's father (Plt #2), had been fighting to regain custody of Plt. #1 the entire time. Plt. #2 had made many attempts to regain custody of his daughter (Plt. #1), as well as made attempts to strengthen family ties with her (Plt. #1); but Ms. Chong took extreme steps to prevent that, even going to the point of testifying in court that when she (Ms. Chong), showed Plt. #1 a photograph of Plt. #1, it scared Plt. #1 so bad that

5

Plt. #1 began crying and trying to run away from the picture.

- Defendants EGSC conspired with City Officials to have Plt. #2 incarcerated to prevent Plt. #2 from seeking judicial relief in his attempts to regain custody of his daughter (Plt. #1); and succeeding in doing so by having representatives of one of their foster homes accuse and testify against Plt. #2, in a criminal action; in which using the City of New York (hereinafter NYC), defendants EGSC, their foster care homes, along with a Khadijah Atkins (one of EGSC's foster children), took steps to prevent Plt. #1 from litigating any action to regain custody of his daughter, through having Plt. #2 imprisoned.

- The actions of defendants prevented Plaintiffs from building family ties and practicing their religion. Part of Plaintiffs religious practices is that Plt. #2 was supposed to teach his daughter Plt. #1 about his religion (Islam), and help her to learn how to pray and protect her; whereas, because of defendants actions Plt. #2 was not able to do this.

- During the year of 2015 Plt. #2 was made aware of the facts which brought him to understand what his daughter went through, and that she was told that Plt. #2 didn't want her and that she was told that Plt. #2 was a drunk and didn't want her back when she was taken from him; and that she was not told anything positive about him, and that he didn't want her or tried to get custody of her during those times.

- Plt. #1 also informed Plt. #2 that Plt. #1 requested to return to her father and she wanted to be with her biological parents but was told that her biological parents didn't want her and that they were drunks. This affected Plt. #1 negatively because she suffered at the hands of the Walkers as well; because Plt. #1 stated to Plt. #2 that whenever Mrs Walker got drunk she would beat and punish Plt. #1; so when Ms. Chung and others told Plt. #1 that her parents were drunks and didn't want her Plt. #1 believed it; and was crushed about her desires to return to her biological parents.

- V. LEGAL CLAIMS. (G)

- Plaintiffs allege and incorporate each and every paragraph, as stated hereinabove.

- The beatings, deliberate indifference to medical needs, unsafe conditions, sexual attacks violated plaintiff Plt.'s(1&2)'s rights and constituted a violation of their constitutional rights at issue, for example, cruel and unusual punishment, as well as due process violations under the 1st, 5th, 8th and 14th Constitutional Amendments to the United States Constitution.

- The plaintiff has no plain, adequate or complete remedy at law to redress the wrongs described herein. Plaintiff has been and will continue to be irreparably injured by the conduct of the defendants unless this court grants the damages in the amount of $2,000,000.00 against each defendant, jointly and severally; in their individual and official capacities.

- Punitive damages in the amount of $3,000,000.00 against each defendant, jointly and severally; in their individual and official capacities.

- Plaintiff's demand a jury trial on all issues triable by jury.

- Plaintiff's costs in this suit; that an attorney be assigned to assist Plaintiffs in the litigation of this action.

- Any additional relief this court deems just, proper, and equitable.

Respectfully Submitted

_Stephanie A Richardson_     _Faris Abdul-Matiyn_
Stephan A. Richardson          Faris Abdul-Matiyn, Pro Se
Stephanie                      75-13 101 Ave, 2F
                               Ozone Park, NY 11416
                               718-835-2732

SWORN TO BEFORE ME THIS
____ DAY OF July, 2015

1UNITED STATES DISTRICT COURT
for the
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| STEPHANIE ANN RICHARDSON,<br>FARIS ABDUL-MATIYN,<br><br>Plaintiff(s)<br><br>v.<br><br>CITY OF NEW YORK; CHU CHONG;<br>EDWIN GOULD SOCIETY FOR CHILDREN;<br>MICHEAL NEFF;<br><br>Defendant(s) | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)   Civil Action No. \<Number\> |

### REQUEST TO PRODUCE DOCUMENTS AND TANGIBLE THINGS, OR TO ENTER ONTO LAND UNDER RULE 34

The plaintiff Stephanie A. Richardson, Faris Abdul-Matiyn, requests that the defendants to whom the requests pertain to[1] respond within 20 days to the following requests:

1. To produce and permit the plaintiff to inspect and copy and to test or sample the following documents, including electronically stored information:

    1. Documents related to Stephanie Ann Richardson's adoption;
    2. Notes, letters, and recommendations relating to Ms Richardson's adoption between the City of New York, Edwin Gould Society for Children and Ms Chu Chong;
    3. Letters, memo's and note's pertaining to and between each other and the Richardson family in regards to the adoption of Stephanie Ann Richardson;
    4. Any and all communications between any of the defendants and the Walkers[2] pertaining to Stephanie Ann Richardson;
    5. Any and all court documents pertaining to Stephanie Ann Richardson;
    6. Any and all documents/information, or communications pertaining to Khadijah Atkins[3] and any of the plaintiff's; including but not limited to that between the defendants and the Bronx District Attorney's office;
    7. Any and all information and communication between the defendants and any court action held in Georgia, pertaining to Stephanie Ann Richardson and the Richardson's who adopted her;

---

[1] If the request is applicable to the defendant.
[2] The foster care home located in Queens New York, where Stephanie Ann Richardson was placed, prior to being transported to Georgia.
[3] Khadijah Atkins was a former foster child with Edwin Gould Society for Children, also known as Edwin Gould Services for Children.

8. Any and all documents, and/or information concerning if, when and why Stephanie Ann Richardson was removed from the Richardson's home, ending their custody of her;
9. Any and all medical records and a summary explanation of those records, pertaining to the mental and physical condition of Stephanie Ann Richardson, while under the custody of defendants and the Richardson's, until the removal of her from the Richardson's and subsequent thereto.

Date: 07/19/2015

RESPECTFULLY SUBMITTED

*Haris Abdulmatiyn*
HARIS ABDUL-MATIYN, Pro Se
75-13 101 Ave, 2F
Ozone Park, NY 11416
abdulmatiyn@salaam-ul-muslimiyn.com
(718) 835-2732

*Stephanie Richardson*
Stephanie Ann Richardson
7513 101 Ave, Apt., 2
Ozone Park, NY 11416
steph@salaam-ul-muslimiyn.com
718-835-2732






**MEDICARE** **HEALTH INSURANCE**

1-800-MEDICARE (1-800-633-4227)

NAME OF BENEFICIARY
**FARIS ABDUL MATIYN**

MEDICARE CLAIM NUMBER    SEX
**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-M**    **MALE**

IS ENTITLED TO    EFFECTIVE DATE
**HOSPITAL  (PART A)    07-01-2015**
**MEDICAL   (PART B)    08-01-2014**

SIGN
HERE →

---

DATE PRINTED : 07/14/2015 15:18:41
**NEW YORK STATE**
**BENEFIT**
**IDENTIFICATION CARD**



ID NUMBER           CARD NUMBER
**TV55713E**        **600486 8818 3557 134 63**

DOB
**08/19/1949**
LAST NAME      **ABDULMATIYN**
FIRST NAME / M.I.   **FARIS**





600486
ACCESS NUMBER                         SEQ #
8818 3557 134                         63



$7.89 0
US POSTAGE
FIRST-CLASS
062S0008022995
11416

RECEIVED
SDNY PRO SE OFFICE
2015 SEP 21  PM 2: 45



USDNY

Pro Se Clerk's Office
U.S. District Court
Southern District of New York
U.S. Courthouse
500 Pearl St
New York, NY 10007

Paris Nocial ?????
75-13 101 Ave
Ozone Park, NY 11416



7015 1520 0003 1427 5856